UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOMASZ BONKOWSKI and
TERESA BONKOWSKI,

                              Plaintiffs,               Civ.

                -against-                       COMPLAINT

HP HOOD LLC,                               PLAINTIFFS DEMAND A
                                             TRIAL BY JURY.
                          Defendant.
------------------------------------------------------------X

Plaintiffs, by their attorneys LURIE, ILCHERT, MAC DONNELL & RYAN, LLP,

complaining of the defendant, respectfully allege:

### FIRST CAUSE OF ACTION

1.  Jurisdiction exists pursuant to 28 U.S.C. Section 1332, in that the plaintiffs are

residents of the State of New York, and the defendant is a corporation organized and existing

under and by virtue of the laws of the State of Delaware, with its principal place of business in

the State of Massachusetts, and which does business within the Eastern District of New York.

The amount in controversy exceeds SEVENTY FIVE THOUSAND ($75,000) DOLLARS,

exclusive of costs and interest.

2.  Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1), (c)(1) and (d), since

the defendant is authorized to do business in the State of New York.

3.  On May 29, 2015, plaintiff TOMASZ BONKOWSKI was caused to trip and fall and

sustain personal injuries due to a raised steel plate at the premises known as 233 Main Street,

Agawam, Massachusetts.

4.  At all the times mentioned herein, defendant owned said premises.

5.  At all the times mentioned herein, defendant operated said premises.

6.  At all the times mentioned herein, defendant managed said premises.

7.  At all the times mentioned herein, defendant controlled said premises.

8.  At all the times mentioned herein, defendant maintained and repaired said premises.

9.  At all the times mentioned herein, defendant inspected said premises.

10.  Prior to May 29, 2015, defendant entered into a contract with Foodliner, Inc. to deliver goods to said premises.

11.  At all the times mentioned herein, Foodliner, Inc. was in the business of, among other things, delivering goods.

12.  At all the timed mentioned herein, plaintiff, TOMASZ BONKOWSKI, was employed by the said Foodliner, Inc., and lawfully on the premises.

13.  On May 29, 2015, plaintiff TOMASZ BONKOWSKI was delivering goods at the said premises.

14.  On May 29, 2015, plaintiff TOMASZ BONKOSKI was caused to be injured by a raised metal plate on defendant's premises.

15.  The accident and injury occurred because of the dangerous and defective premises thereat.

16.  The accident and injury occurred solely by reason of the negligent manner in which defendant owned, operated, managed, maintained, repaired, controlled and inspected said premises with respect to said dangerous and defective condition, which defendant failed to repair, after both actual and constructive notice thereof.

17.  Solely as a result of defendant's negligence, plaintiff TOMASZ BONKOWSKI was personally injured, lost earnings, and incurred medical expenses.

18.  By reason of the foregoing, plaintiff TOMASZ BONKOWSKI was damaged in the sum of TEN MILLION ($10,000,000) DOLLARS.

## SECOND CAUSE OF ACTION

19.  Plaintiff, TERESA BONKOWSKI, repeats each allegation previously made in this complaint.

20.  At all the times mentioned herein, plaintiff TERESA BONKOWSKI was then, and still is the wife of plaintiff TOMASZ BONKOWSKI.

21.  At all the times mentioned herein, plaintiff TERESA BONKOWSKI did then, and still does reside with plaintiff TOMASZ BONKOWSKI.

22.  Solely as a result of the defendant's negligence plaintiff TERESA BONKOWSKI lost the services and society of plaintiff TOMASZ BONKOWSKI.

23.  By reason of the foregoing, plaintiff TERESA BONKOWSKI sustained damages in the sum of TWO MILLION ($2,000,000) DOLLARS.

WHEREFORE, plaintiff TOMASZ BONKOWSKI demands judgment against the defendant on the first cause of action for personal injuries in the sum of TEN MILLION ($10,000,000) DOLLARS; and plaintiff TERESA BONKOWSKI demands judgment against the defendant on the second cause of action for loss of service in the sum of TWO MILLION

($2,000,000) DOLLARS; together with the costs and disbursements of this action.

Dated: New York, New York
      August 21, 2015

                    LURIE, ILCHERT, MAC DONNELL & RYAN, LLP
                    Attorneys for Plaintiffs

                    By: _____
                            DENNIS A. BREEN (6300)
                    475 Park Avenue South
                    New York, New York 10016
                    (212) 685-7411

CERTIFICATION

I, GEORGE W. ILCHERT, certify that to the best of my knowledge, information and

belief, after inquiry reasonable under the circumstances, the presentation of these papers and the

contentions herein are not frivolous as defined in Sec. 130-1,1(c) of the Rules of the Chief

Administrator and that this matter was not obtained through illegal conduct and the matter was

not obtained in violation of 22 NYCRR 1200.41(a)[DR-111].

Dated: August 21, 2015

LURIE, ILCHERT, MAC DONNELL & RYAN, LLP
Attorneys for Plaintiff(s)
BY: DENNIS A. BREEN (6300)

*STATE OF NEW YORK, COUNTY OF NEW YORK*                SS:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and

(  )      certify that the annexed
          has been compared by me with the original and found to be a true and complete copy thereof.

(X)      say that:  I am the attorney of record, or of counsel with the attorney(s) of record, for
the plaintiffs.  I have read the annexed Complaint, know the contents thereof and the same are true to my
knowledge, except those matters therein which are stated to be alleged on  information and belief, and as to
those matters I believe them to be true.  My belief as to those matters therein not stated upon      knowledge,
is based upon the following: any and all facts, reports, statements, documents,
data, etc., in my file pertaining to this matter.

          *The reason I make this affirmation instead of* plaintiff is that plaintiff is
presently not in the county where deponent maintains his practice.

          I affirm that the foregoing statements are true under penalties of perjury.

Dated:  August 21, 2015

                    LURIE, ILCHERT, MAC DONNELL & RYAN, LLP

          By: _____
                         DENNIS A. BREEN (6300)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Civ.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
TOMASZ BONKOWSKI and
TERESA BONKOWSKI,

                        Plaintiffs,

            -against-

HP HOOD LLC,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

              SUMMONS AND VERIFIED COMPLAINT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

            LURIE, ILCHERT, MAC DONNELL & RYAN, LLP
                    Attorneys for Plaintiffs
          Office and Post Office Address, Telephone
               475 Park Avenue South/Ste. 2800
                   New York, New York  10016
                        212-685-7411

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -