UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TOMASZ BONKOWSKI and
TERESA BONKOWSKI,

              Plaintiffs,

      - against -                           **MEMORANDUM AND ORDER**
                                          15-CV-4956 (RRM) (PK)
HP HOOD LLC,

              Defendants.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Tomasz and Teresa Bonkowski ("Bonkowski"), New York residents, bring this tort action in diversity against HP Hood LLC, a Delaware corporation with its principal place of business in Massachusetts. (Comp. (Doc. No. 1); Bonkowski Mem. in Opp'n ("Bonkowski Opp'n") (Doc. No. 11-5) at 1 (ECF pagination).) Hood now moves to dismiss this action, alleging that this Court lacks personal jurisdiction over Hood, and seeks transfer to the District of Massachusetts. (Hood Mot. (Doc. No. 12).) For the reasons that follow, the Court agrees with Hood on both grounds.

## BACKGROUND

      The following facts, taken from the parties moving papers, are not in dispute. Hood produces and distributes milk and other dairy and non-dairy products throughout the United States, including in the State of New York. (Nightingale Aff. (Doc. 12-4 at 1.) To that end, Hood operates plants throughout the country, including in the State of New York, and also maintains an administrative office in the city of Binghamton, New York. (*Id.*) Hood is a Delaware corporation with its principal place of business in Massachusetts. (*Id.*) Hood is authorized to do business in New York, having registered with the New York Secretary of State

and appointing an entity for service of process and filing within the state.  (Bonkowski Aff. (Doc No. 11-4) at 1 and Ex. B.)

On May 29, 2015, Tomasz Bonkowski, a truck driver with Foodliner, Inc., was delivering goods to Hood from New York and was injured after tripping over a raised metal plate at Hood's Agawam, Massachusetts facility.  (Bonkowski Opp'n at 1.) He sustained injuries to his right shoulder, and left hand and arm, and is receiving his medical treatment in Brooklyn, which has, to date, included at least one surgical procedure.  (*Id*. at 2, 7.)

Bonkowski maintains that this Court may assert personal jurisdiction over Hood because of Hood's contacts with New York and because Hood has consented to such jurisdiction by virtue of registering to do business in New York and by litigating in New York courts.  (*See generally* Bonkowski Opp'n.)  Hood maintains that following the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746, 748–49 (2014), none of the grounds alleged by Bonkowski meets the requisites of the Due Process clause.  (*See generally*, Hood Mot.)  As discussed more fully below, the Court agrees with Hood.  In addition, Hood seeks transfer of this action to the District of Massachusetts pursuant to 28 U.S.C. § 1406(a) based on improper venue. The Court grants that motion as well.

## DISCUSSION

### I.  Personal Jurisdiction

Personal jurisdiction in a diversity case is determined by the law of the state in which the district court sits.  *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984).  Plaintiff bears the burden of demonstrating that the Court may exercise personal jurisdiction over defendants.  *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).  "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district

court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161, 170 (E.D.N.Y. 2015) (quoting *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013)). Where, as here, the issue of personal jurisdiction "is decided initially on the pleadings and without discovery, the plaintiff need show only a *prima facie* case" of jurisdiction on a motion under Rule 12(b)(2). *Volkswagenwerk Aktiengesellschaft*, 751 F.2d at 120; *accord Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010). In considering a Rule 12(b)(2) motion, the pleadings and affidavits are to be construed in the light most favorable to plaintiff, the non-moving party, and all doubts are to be resolved in plaintiff's favor. *See DiStefano*, 286 F.3d at 84.

Courts may exercise either general or specific personal jurisdiction. *Daimler AG*, 134 S. Ct. at 751; *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624–25 (2d Cir. 2016). General jurisdiction allows a court to adjudicate "any and all" claims against a defendant, regardless of whether the claims are connected to the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011); *Brown*, 814 F.3d at 624. Specific jurisdiction renders a defendant amenable to suit only with respect to claims "arising out of or relating to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Goodyear*, 131 S. Ct. at 2851; *Brown*, 814 F.3d at 624–25. "Whether specific or general, however, the exercise of personal jurisdiction over a defendant is informed and limited by the U.S. Constitution's guarantee of due process, which requires that any jurisdictional exercise be consistent with 'traditional notions of fair play and substantial justice.'" *Brown*, 814 F.3d at 625 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

Here, Bonkowski relies solely on New York Civil Practice Law and Rules section 301, New York's general jurisdiction statute. It provides that a New York court "may exercise jurisdiction over persons, property, or status as might have been exercised heretofore." New York courts have interpreted Section 301 to exercise jurisdiction over an out-of-state corporation that "has engaged in such a continuous and systematic course of 'doing business' in New York that a finding of its presence in New York is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (alterations and internal quotation marks omitted) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs.*, 77 N.Y.2d 28, 33 (1990)). A corporation is "doing business" in New York if it "does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (internal quotation marks omitted).

However, after *Daimler*, the relevant inquiry is not whether a corporation's activities within a forum are "in some sense continuous and systematic," but rather "whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." 134 S.Ct. 746, 749 (quoting *Goodyear*, 131 S. Ct. at 2851); *see also, Brown*, 814 F.3d at 626–27; *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 103–04 (S.D.N.Y. 2015). And after *Daimler*, "[e]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business – the 'paradigm' cases." *Brown*, 814 F.3d at 627 (internal citation and quotation marks omitted); *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d. Cir 2014).

In this case, Hood's contacts with New York state do not comport with *Daimler*'s due process standards and thus are not sufficient to give rise to personal jurisdiction over Hood in this Court.  New York is neither Hood's place of incorporation, nor its principal place of business, and this case falls outside the "paradigm" established by *Daimler*.  As such, Bonkowski "bears a heavy burden when []he asserts that [Hood's] presence in [New York] presents such an 'exceptional case.'"  *Brown*, 814 F.3d 627.  Bonkowski has failed to carry his burden.

Bonkowski has not sought discovery here and relies solely on the factual averments contained in Hood's motion regarding the extent of Hood's operations.  (*See generally*, Bonkowski Opp'n.)  He points to the fact that Hood is a national company with manufacturing operations across the United States, some of which are located in New York.  Otherwise, Hood's presence in New York is limited to an administrative office located in Binghamton, New York.  As *Daimler* counsels, in assessing the extent of a corporation's contacts in a state for general jurisdiction purposes, we must assess the company's local activity not in isolation but *in the context of the company's overall activity*."  *Brown*, 814 F.3d at 629 (emphasis in original).  Bonkowski does not even attempt to analyze Hood's amount of business in New York as compared with its overall national presence.  *See Ritchie Capital Mgmt., LLC v. Costco Wholesale Corp.*, 2015 U.S. Dist. LEXIS 176994 at *12 (S.D.N.Y. Sept. 21, 2015).  Indeed, while Hood's contacts are not insubstantial, they appear to be a small portion of its entire operations.  A corporation "that operates in many places can scarcely be deemed at home in all of them."  *Daimler*, 134 S.Ct at 761, n.20; *see also*, *Gucci America, Inc.* 768 F.3d at 135 (holding branch offices of bank incorporated and headquartered elsewhere insufficient to establish personal jurisdiction after *Daimler*); *Ritchie Capital Mgmt.*, at *18–19 (finding that

only 2.53% of the total number of Costco warehouses, with 1.8% of its nationwide employee pool, does not give rise to personal jurisdiction in New York over Costco, headquartered and incorporated elsewhere); *Chatwal*, 90 F. Supp. 3d at 104 (finding that sporadic contracts with New York companies and other contacts with New York were insufficient to give rise to the "exceptional case" after *Daimler*).

Bonkowski attempts to bolster his argument by alleging that Hood "has consented to jurisdiction by naming an agent for service of process in the State of New York, and has utilized New York State and Federal Courts for actions on numerous occasions." (Bonkowski Opp'n at 6–7.) Neither argument saves the day.

First, "a foreign corporation shall not be considered to be doing business in this state . . . by reason of carrying on in this state any one or more of the following activities:  (1) maintaining or defending any action or proceeding, whether judicial, administrative, arbitrative or otherwise . . . ." N.Y. Bus. Corp. L. §1301(b)(1).  Moreover, Bonkowski's list of New York cases in which Hood is a litigant  is of little value as all of the filings precede *Daimler*.  (Breen Aff. (Doc. No. 11) at Ex. C.)  In addition, Bonkowski does not provide any detail regarding these cases. Thus, Hood could be subject to *specific personal jurisdiction* if the causes of action arose out of Hood's conduct in New York state, or out of Hood's conduct outside of the state causing injury within the state.[1]  *See* CPLR § 302;  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (holding that personal jurisdiction may lie where corporation has purposefully availed itself of the privilege of conducting activities in New York where there is an articulable nexus between plaintiff's claim and the corporation's transaction in New York.)

---

[1] In fact, the patent infringement case cited by Bonkowski, *Steuben Foods Inc. v. HP Hood*, 12-CV-211, filed in the Western District of New York, relied on both general *and specific* personal jurisdiction over Hood.  And while Hood did not contest general jurisdiction, it subjected itself to the jurisdiction of the court long before *Daimler* changed the landscape with respect to the application of the due process analysis on the jurisdictional requirements under New York law.

Equally unavailing is Bonkowski's argument that Hood has "consented" to personal jurisdiction by registering to do business in New York state. While courts have held that a corporation has constructively consented to personal jurisdiction where it is authorized to do business in New York state, *see, e.g.*, *Augsbury Corp. v. Petrokey Corp.*, 97 A.D. 2d 173, 175 (3d Dep't 1983), *Chong v. Healthtronics, Inc.*, 2007 U.S. Dist. LEXIS 45956 at *17 (E.D.N.Y. June 20, 2007), they have done so prior to *Daimler*. And cases post-*Daimler* that have considered the continued viability of consent to jurisdiction through registration have done so without analysis, relying on the long-standing, pre-*Daimler* Appellate Division authority. *See, e.g.*, *Aybar v. Aybar*, No. 706909/2016, 2016 N.Y. Slip. Op. 31139 (N.Y. Sup. Ct. May 25, 2016); *Bailen v. Air & Liquid Sys. Corp.*, No. 190318/12, 2014 N.Y. Slip Op. 32079 (N.Y. Sup. Ct. August 5, 2014).

The New York Court of Appeals has not defined the scope of New York's business registration statutes and its impact on personal jurisdiction either pre- or post-*Daimler*, and this Court declines to so do. In *Brown v. Lockheed Martin Corp.*, the Second Circuit found it "prudent – in the absence of a controlling interpretation by the Connecticut Supreme Court, or a clearer legislative mandate than Connecticut law now provides – to decline to construe the state's registration and agent-appointment statutes as embodying actual consent by every registered corporation to the state's exercise of general jurisdiction over it." 814 F.3d at 626. Finding neither controlling case law nor a scintilla of discussion on this point from either party, the Court declines to give New York's statutory scheme such an expansive reading.[2] As the Circuit noted in *Brown* in the context of the Connecticut statute: "If mere registration and the accompanying

---

[2] As a case in point, the Delaware Supreme Court recently found that *Daimler* rendered untenable the longstanding interpretation of the Delaware business registration statute that previously upheld implied consent to general jurisdiction. *Genuine Parts Co. v. Cepec*, 2016 Del. LEXIS 247 (Del. April 18, 2016) (overruling *Sternberg v. O'Neil*, 550 A.2d 1105, 1107 (Del. 1988).)

appointment of any in-state agent – without an express consent to general jurisdiction – nonetheless sufficed to confer general jurisdiction by implicit consent, every corporation would be subject to general jurisdiction in every state in which it registered, and *Daimler*'s ruling would be robbed of meaning by a back-door thief." *Id*. at 640.

For the reasons discussed herein, this Court lacks personal jurisdiction over Hood.

## II.     Improper Venue

Hood also moves to transfer this action to the District of Massachusetts based on improper venue pursuant to 28 U.S.C. § 1406(a).  A plaintiff bears the burden of establishing that venue is proper.  *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011).  "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing."  *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (quoting *CutCo Indus. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986)).

> Pursuant to 28 U.S.C. § 1391(b), venue is proper in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

An entity is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction . . . . "  28 U.S.C. § 1391(c).

Because the Court does not have personal jurisdiction over Hood as discussed above, Hood is not a resident this judicial district and thus venue does not lie under subsection (b)(1). Additionally, venue is improper under subsection (b)(2) since the events upon which this suit is

based occurred in Massachusetts, not in New York.[3]  Furthermore, subsection (b)(3) is not applicable as the action may otherwise be brought in the District of Massachusetts where Hood is amenable to jurisdiction based on its principal place of business.  For these reasons, venue is improper in the Eastern District of New York.

### a. Transfer Pursuant to 28 U.S.C. § 1406

Pursuant to 28 U.S.C. § 1406(a), if a case is filed in the wrong district, the Court has the discretion to dismiss or transfer the case in the interest of justice.  *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 456 (E.D.N.Y. 2015).  The Court may transfer the case even where it does not have personal jurisdiction over the defendant.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  When determining whether to dismiss or transfer, "the Court takes into account the ultimate goal of the 'expeditious and orderly adjudication of cases and controversies on their merits.'"  *Fedele v. Harris*, 18 F. Supp. 3d 309, 319 (E.D.N.Y. 2014) (quoting *Goldlawr*, 369 U.S. at 466–67).

In this case, the interests of justice warrant transfer to the District of Massachusetts.  Massachusetts is where Bonkowski sustained the injury for which he brings this suit.  The majority of witnesses are, presumably, located there, and Hood maintains its principal place of business in that state.  *See Hatfield v. Asphalt Int'l, Inc.*, 2004 U.S. Dist. LEXIS 2036 at *16 (S.D.N.Y. Feb. 11, 2004) ("Defendants would not be prejudiced, but would likely benefit by having the case transferred to the [transferee state] given that their business operations, and presumably many potential witnesses and relevant documents, are based there.").  While

---

[3] Bonkowski suggests that the fact that he is receiving medical treatment in Brooklyn provides a basis for venue in this District.  His argument is without merit.  *Trehern v. OMI Corp.*, 1999 U.S. Dist. LEXIS 919 (S.D.N.Y. February 1, 1999) (finding that post-accident medical treatment is not a substantial part of the events underlying a tort claim; rather, the injury sustained from the accident is the defining event, not the hospitals or physician's offices where he obtained treatment.)

Bonkowski is not time-barred from refiling his claims in the District of Massachusetts,[4] dismissal "would force him to expend significant time and money filing a new action in a new forum." *Id*. On the other hand, transfer will allow the action to proceed expeditiously to adjudication on the merits. *See Goldlawr*, 369 U.S. at 466–67 (explaining "the general purpose" of § 1406(a) as "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits"). For these reasons, the Court finds that transfer is warranted.

## CONCLUSION

For the reasons stated herein, this Court lacks personal jurisdiction over Hood. Moreover, venue is improper in this District. As such, the Clerk of Court is hereby ordered to transfer this action to the United States District Court for the District of Massachusetts, and close the file in this Court.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       August 30, 2016

                                                  ROSLYNN R. MAUSKOPF
                                                  United States District Judge

---

[4] Bonkowski sustained injuries on May 29, 2015. The relevant statute of limitations for personal injury actions in Massachusetts is three years beginning from the date of the injury. *See* Mass. Gen. Laws Ch. 260 §2A (West 2016). *See also Davis v. Costa-Gavras*, 580 F. Supp. 1082, 1086–87 (S.D.N.Y. 1984) (holding that where both jurisdiction and venue are improper in the transferor court, the law of the transferee court applies); *Nose v. Rementer*, 610 F. Supp. 191, 192 (D. Del. 1985) ("It is also clear that when a transfer is made because a court lacks personal jurisdiction over the defendants that the law of the transferee forum becomes the law applicable to the case.").